1 U.S. 119
 1 Dall. 119
 1 L.Ed. 63
 Gerard
v.
Basse et al.
 No. ____.
 Court of Common Pleas of Philadelphia County
 December Term, 1784
 
 1
 The defendants declining in their circumstances, and being much pressed by their creditors, Basse fled, and Soyer was imprisoned at the suit of the Plaintiff. During his confinement, he executed a bond and warrant to confess judgment, to which there was one seal, and the signature was in this form, 'John Abraham Soyer for Basse & Soyer.'
 
 
 2
 And now a motion was made to set aside the judgment, at the instance of the creditors in general, in order that an equal distribution might he made of the effects under a domestic attachment, which had issued against Basse and Soyer.
 
 
 3
 Sergeant and Moylan, in support of the motion, argued, that the bond was a payment of the debt in the eye of the law; and that although Basse was liable to Soyer's action for a contribution, yet not having signed the warrant, he was not subject to the execution of Gerard, the plaintiff. 2 Black. Com. 295. 3 Bac. Abr. 590. 2 Bac. Abr. 227. 358. 2 Vern. 293. 2 Ch. Cases. 228. They said, that the execution of deeds was not to be regulated by, nor does the effect of them depend upon, a particular custom of Merchants; but they are derived from a superior source, to wit, the law of the land; and they insisted that Basse not having joined in the warrant, the judgment, being joint, must fall to the ground. 2 Black. Rep. 294. Ship. 69.
 
 
 4
 Ingersol, in support of the judgment: It is regularly true, that, according to 3 Bac. Abr. 611. one merchant may bind his partner, by accepting a bill drawn on both. If, then, in substance, the act of one obliges the other, what difference arises from the circumstance of the delivery not being formally executed? That question was agitated in the case of McKim vs. McFarlan: there Levinz indorsed a note of McFarlan's to McKim; but being indebted to McFarlan, he thought it proper to give him previous notice of the transaction, and, accordingly, threw the note into his desk with that design. During his absence, McKim, who had given a valuable consideration for the note, persuaded Mrs. Levinz to give it uo to him, and afterwards sued McFarlan upon it, who grounded his defence upon this, that the note was never delivered over.
 
 
 5
 Sergeant. Improper and false suggestions were used to induce Mrs. Levinz to deliver the note.
 
 
 6
 Ingersol. True: but the point in discussion was the delivery; and the jury found for the plaintiff. Cowp 206. Any proof of intention to assent to a delivery is sufficient; no particular mode of action, no form of expression, are necessary. The present question, however, is, whether the Court will confirm the judgment as to the partner who sealed the warrant, and vacate it as to the other. The adverse Counsel have cited 2 Bac. Abr. 227. 358. to show that the judgment, being an entire thing, must be wholly set aside, if at all. But this doctrine is fully refuted by 1 Cro. 322. 2 Black. Rep. 1133. With respect to the warrant's being executed while Soyer was in prison, it may be observed, that an Attorney was present; and in Sluyter's case, the Court determined that it was not necessary the Attorney should be for the party; but that it was enough if the business was fairly transacted in the presence of an Attorney. Here neither fraud nor violence are suggested.
 
 
 7
 Lewis, on the same side; stated two questions: 1st Whether, upon the facts, this judgment can be set aside as to both Basse and Soyer; and 2d. Whether it can be set aside as to one, and continued against the other?
 
 
 8
 1st Point. As this was a joint debt, justice naturally requires that the judgment should be confirmed; and it being admitted, that a contract not under seal made by one, would bind both partners, we alledge that the seal creates no difference, for the causa contractu is the sole criterion. Seals are of the same effect in Lee Mercatoria as at Common-law; and there is no authority to mention the opposite doctrine; for, Shep. 69. is not the case of joint contractors. The books in general, where they speak of the obligation imposed on one partner by the contract of another, mention only notes, and whether under seal or not, is not distinguished. When we declare upon them, we alledge the subscription of both partners though, in fact, one only subscribes. Therefore, and because delivery is no farther necessary than as evidence of passing the interest, the first point seems determined in the negative.
 
 
 9
 2nd Point. He observed that the several authorities quoted on the other side, were drawn from writs of error; and, as this record could not appear in its present form, if carried into a Superior Court, he inferred, that either the authorities were not applicable, or the record was to be considered upon the ground of a removal by writ of error: and in that case for error dans le record, the judgment must be wholly reversed; but when the error is dehors, the judgment may be reversed in part, and confirmed in part. 1. Leon. 317. Cro. E. 115. 3 Lev. 36. Moore 564. Besides, he contended, that the release of errors, contained in the warrant of Attorney, purges and protects whatever might be deemed irregular with respect to Soyer; although it may not be sufficient to set up a void proceeding against Basse. 2 Stra. 1215. 3 Mod. 109. 6 Co. 25. (a)
 
 
 10
 Sergeant, in reply, made three points; 1st That the bill of one binds both from the necessity of trade; but that the necessity does not extend, nor does the rule exist, in the case of deeds, and other specialities. 2nd That a judgment cannot be set aside in part, or against one only of the defendants. Where, indeed, the different parts of the judgment are, in their nature separable, as in fines and common recoveries, mere modes of assurance, it may be done; and to those cases only the adverse authorities are confined. 2 Bac. Abr. 569. explains the mode of reversing judgments; and 2 Bac. Abr. 227. is so full upon the impartibility of judgments, that it cannot be too often insisted upon, in the present case. 2 Black. Rep. 1131. contains the same doctrine. 3d. The release of errors must be considered under the distinction in 3 Mod. 109. which shows that where divers are to recover in the personality, the release of one is a bar to all, but it is not so in point of discharge. 6 Co. 25, (a) is explicit, that, where two, or more, are charged jointly, if they bring a writ of error to discharge themselves, the release of one cannot bar the other; for, they have not any interest or benefit, but a joint charge and burthen, which cannot be discharged or released, unless by the plaintiff who has the interest and benefit of it. If, therefore, Soyer's release does not discharge the error, he concluded, that for the other reasons, the judgment must be set aside.
 
 
 11
 The President delivered the unanimous opinion of the Court to the following effect.
 
 
 12
 SHIPPEN, President.
 
 
 13
 There can be no doubt that in the course of trade, the act of one partner, is the act of both. There is a virtual authority to that purpose, mutually given by entering into partnership; and in every thing that relates to their usual dealings, each must be considered as the attorney of the other.* But this principle cannot be extended further, to embrace objects out of the course of trade. It does not authorize one to execute a deed for the other; this does not result from their connection as partners; and there is not a single instance in the books which can countenance such an implication.
 
 
 14
 In the case before the Court, there is no dispute that the debt is not bona fide due to the plaintiff. Nor can there be any, with respect to the validity of the warrant, against the person who has actually sealed it. Whatever, therefore, may be the fate of the judgment against Basse, we are, unanimously, of opinion, that it is, in every point of view, binding upon Soyer: And in conformity to the authority in 1 Black. Rep. 1133. (where the Court granted a rule to strike out the name of an infant, after judgment was entered, upon a warrant executed by him and another) we now give the plaintiff leave to strike out the name of Basse; and the judgment against Soyer will remain.
 
 
 15
 Accordingly, judgment set aside as to Basse, and confirmed as to Soyer.
 
 
 
 *
 See post in § C. Whitehead vs Tillier.