Judge Fleming.
In a suit by executors, must not all the plaintiffs be named ?
Hay, in reply.
Mr. Call's broad and unqualified assertion that the uniform custom of the country supports the practice he contends for, is certainly incorrect. The reports of the cases cited as examples, do not state the manner in which the suits respectively were brought. The style of each mercantile company is mentioned in the heading of each case; and that is all. Does Mr.' Call himself ever bring a suit, in the name of a company, without specifying the partners ? But if this were the practice of a few lawyers, it could not make the law of the land. So, in England, the practice of merchants, as to suits against endorsors of bills of exchange, did not fix the law. They wished to sue endorsors in the first place, but Lord Holt arrested all their judgments, and an act of parliament was at length passed at their instance.
None of the authorities adduced by Mr. Call justify the conclusions he attempts to draw from them. 4 II. £s? 31. 200. proves the reverse of the proposition intended to be established by it. As, in that case, the suit would have abated by the death of William Cuninghame, (had it been suggested on the record,) it shows that the word Co. was not sufficient to keep it on the docket. According to Mr. Call's argument that all parties are *354 properly before the court, though not named, a scire facias to revive (in case of the death of a party not named) would be unnecessary, though expressly required by the act of assembly.(a) Yet he cannot deny that, in consequence of the death of only one named on the record, there must be a scire facias; from which it is evident this suit is improperly brought.-
Henriques v. The Dutch West-India Company, 2 Ld. Raym. 1532. is a case of a corporation, and does not resemble this. If the doctrine laid down in 1 Com. Dig. 38. be law, it must be considered as an'exception to the general rule; but the practice of the court of chancery, and of this court, is not to award process of revivor until the names of executors are furnished to' the clerk. The passage quoted from 11 Finer, 20. maybe law; on the ground, perhaps, that the plaintiff has no opportunity of knowing who the terretenants are; but it is only another exception to the general rule. Hill et al v. Ross, 3 Dall. 331. so far as it applies to the subject now in question, is pointedly in my favour; showing that “ partners cannot compel each other to appear to suits, nor undertake to represent each other in courts of law.” But if the service of a writ upon one partner were service upon all, an appearance of one would be an appearance for all.
Mr. Call thought proper to take no notice of the authorities cited by me from Chitty and 8 T. R. To these I will add 1 Dall. 119. Gerard v. Basse et al., in which it was decided that the course of trade does not authorize one partner to execute a deed for another. 10 East, 419. and 3 Esp. Rep. 107. Abel v. Sutton, are to the same effect. He contends there is no inconvenience in the practice of suing persons without naming them. But is there no inconvenience in entering judgment against a man who has had no opportunity of defence ?
The writ of audita querela is now obsolete; but it *355 lay only for matter of discharge arising after the judgment. The writ of error coram vobis could give no relief. If the defendant, on whose property execution was served, was a partner, he could not, by that writ, get relief on the ground that the debt had been paid before the suit was brought.
As to its being too late, after judgment by default, to take advantage of the defect in the declaration, the rule applies to persons only who have had it in their power to make defence, and failed to do so.
Monday, April 22d.
The judges pronounced their opinions.
Judge Brooke.
(After stating the case and the points made by counsel.) I shall not notice all these points in the opinion which I am to deliver; except to remark that I know of no practice in the courts of this country of sufficient authority to contravene the English decisions referred to and relied upon by the counsel for the appellants; nor have I been able to perceive any force in the objections of the counsel of the appellees to the application of them to cases here, either founded on the necessity of such a practice, or on reasonings drawn from the decisions of this court, to which he referred; none of which, in iny opinion, contradict the English adjudications.
Upon the first point, I am very clear that no case han been produced to warrant a judgment against a person, not alleged to be a party in the declaration, nor named as a defendant in the writ; the reasoning from the supposed analogy between such a case and the case of executors upon a scire facias to revive a judgment against them, or the case of terretenants after a judgment against the land, can have no force. In the first, (if, indeed, it be law, which I very much doubt,) there is less necessity *356 for naming the executors in the process, than in the one under consideration; their names are of record, and there is less difficulty in identifying them by the officer serving the process; and less injury would result from mistakes, since they are not held to bail by the writ. The same remarks apply to the case of suing out the scire facias against the tenants; though not named in the record, they must be found on the land against which the judgment has been rendered; names which are said by the counsel for the appellees to be the indicia of persons, are not necessarily so in these cases; but great inconvenience and often great injury would result from extending this doctrine to original process. Any person, however ignorant of the demand of the plaintiff, and though totally unconnected with the concern against whom it might exist, would be liable to be arrested either by the mistake of the officer, or of the party pointing him out; he might not be able to give bail, and the law will not subject an individual to injury on the ground that he may afterwards be relieved in an action against the party injuring him; nor am I of opinion that the defendant M'-Rae is concluded, by the judgment rendered against him in this case, from objecting tq the irregularity of the proceedings; he cannot be said to have admitted (by not defending himself) any thing not alleged in the writ or declaration; nor can his admission, as far as it goes, affect the other defendants. For this doctrine, see 1 Dall. p. 119. and 3 Dall. p. 331. I am therefore of opinion the judgment must be reversed,
Judge Roahe
was, also, for reversing the judgment, upon the ground that M^Rae was not alleged to be a partner. But he gaye no opinion relative to the other points.
Judge F|,EM?Nq.
Without considering minutely the several points made in the cause, I am also of opinion *357 that the judgment be reversed. Archibald MíRae, the only person on whom the writ was executed, was not alleged to have been a partner of the firm, nor even named in either the writ or declaration.
Judgment unanimously reversed, and entered that the plaintiffs take nothing, See.