## POSEY *v.* BULLITT and Another, in Error.

HELD, that one partner can bind his co-partner by simple contract only, not by deed. (1).

*Held*, also, that if to a declaration containing two counts, one on a bond, and the other for goods sold and delivered, the defendant plead *non est factum* to the first count, without noticing the second; the plea cannot be objected to for not answering the whole declaration.

*Held*, also, that if a plea purport to be an answer to the whole declaration, and only answer a part, it is bad, and the plaintiff

may demur: but if the plea purport to be an answer to a part of the declaration only, and be an answer but to a part, the plea is good *quoad hoc;* and, in such a case, the plaintiff should take issue on the plea, and pray judgment for so much as remains unanswered.    1 H. Bl. 645.—1 Str. 302.—Tidd's Pr. 617.

(1) *Harrison* v. *Jackson,* 7 T. R. 203.—*Gerard* v. *Basse,* 1 Dall. 119.—*Clement* v. *Brush,* 3 Johns. Cas. 180.    The law is the same though the partnership be created by deed, unless a special power be reserved, authorizing the execution of such instruments.    *Harrrison* v. *Jackson,* supra.—*Trimble* v. *Coons,* 2 Marsh. Ky. R. 375.    The bond, however, is binding on the partner who executes it in the name of the firm, though not on his partners.    *Elliot* v. *Davis,* 2 Bos. and Pull. 338.—*Clement* v. *Brush,* supra.    *Skinner* v. *Dayton,* 19 Johns. R. 513.—*Trimble* v. *Coons,* supra.—Gow on Partn. 83—86. Vide *Flood* v. *Yandes* et al., in this Court, post, p. 102.    But one partner may, by deed, release a debt due to the partnership.    *Bruen* v. *Marquand,* 17 Johns. R. 58.—Gow on Partn. 87—89.