Blaceford, J.
This was an action of debt brought by William Barbee, assignee of Patrick C. Miller, against William J. Pope and Zenas Henderson, trading under the firm of W. J. Pope and Z. Henderson. The declaration contains two counts, each founded on a sealed note dated the 26th of May, 1838, for the payment of $175, and payable two years after date. The writ was served on Henderson, and returned “ not found ” as tó Pope. Henderson pleaded to the action, that the writing obligatory in the declaration mentioned was not his deed, concluding to the country. The ^plaintiff added the similiter. The cause was submitted, by consent, to the Court. Judgment against the defendant, Henderson, for $175 debt and $9.00 damages, making in all $184, together with costs.
■ On the trial, the plaintiff proved that about the time the note was dated, Henderson and Pope were in partnership under the name of W. J. Pope and Z. Henderson; that in January, 1839, the dissolution of the partnership was adver *29 tised under the signature of the parties,- that before the commencement of this suit, Henderson being informed by the witness, at the plaintiff's request, that H. Cooper, an attorney, held a note against Pope and Henderson, which had been assigned by Patrick C. Miller to the plaintiff, replied that it was all right, but that the plaintiff had agreed not to push him until he could collect the money from Pope, and that money was so scarce that he could not pay it then ; that the witness did not show the n,ote to Henderson. The plaintiff also proved by H. Cooper that before this suit was commenced, he received the note now produced in evidence from the plaintiff: that he called on Henderson and told him he had received such a note from the plaintiff, and demanded payment; that Henderson admitted the debt was just, but said he could not pay it then; that he did not show the note to Henderson. The plaintiff also proved that the signature to the note was in the hand-writing of William J. Pope; that the indorsement was in the hand-writing oí Patrick C. Miller; and that the indorsement was filled up before the note came into the hands of Cooper.
The plaintiff then offered the note in evidence, which is as follows: “ Wolf Lake, May 26,1888. Two years after date we promise to pay to P. C. Miller or order, the just sum of one hundred and seventy-five dollars, for value received, as witness our hands and seal. W. J. Pope and Z. Henderson, [seal] ” “ Ray the within to William Barbee. P. C. Miller.’' The defendant objected to the note as evidence, but the objection was overruled and the note read.
Upon this evidence the judgment was rendered.
The defendant’s first objection to the judgment is, thatthe plea, though professing to answer the whole declaration, answers only one of the counts. Supposing that to be so, it *is not for the defendant to object to the judgment against him, on the ground that his own pleading is defective.
The next objection is, that the evidence is not sufficient to show the defendant’s execution of the note. We have here *30 tofore decided that one partner can not, merely by virtue of the partnership, bind his co-partner by deed. Posey v. Bullitt, 1 Blackf., 99. But we have also held, that two persons may make use of one seal, and it will be the seal of both. Flood v. Y andes, Idem. 102. And it has been decided, that if one of two partners subscribe the names of both to an instrument, and put a seal to it for them both,*in the presence of the other and with his consent, it is the deed of both. Ball v. Dunsterville, 4 T. R., 313.
I). H. Colerick and W. H. Coombs, for the plaintiff.
H. Cooper, for the defendant.
In the case before us, therefore, if the execution of the note by Pope was in Henderson’s presence and with his consent, it is the deed of both; and it appears to us, that a jury might reasonably infer, from the evidence,that the note had been so executed. The causa having been submitted to the Court, uuderthe statute,stands as if it had been submitted to a jury.
Per Guriam.—The judgment is affirmed with costs,