## Kneib *versus* Graves.

1. A judgment was entered against a firm on a note with warrant of attorney to confess judgment, not under seal, signed by one of a firm in the firm name, for a firm debt. *Held,* that the plaintiff was entitled to execution against the firm effects; but not against the other members of the firm.

2. After entry of the judgment, the plaintiff brought suit for the debt against another of the firm; he pleaded the judgment as a "former recovery." *Held,* that this was not such estoppel as to authorize execution on the judgment against him individually.

3. The execution must follow the judgment and be warranted by it; and this depends on its nature and form.

October — 1871.   Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the Court of Common Pleas of *Erie county :* No. 66, to October and November Term 1871.

On the 2d of May 1868, No. 825, to February Term 1868, a judgment " J. C. Graves against Theodore Eimers & Co.," was entered in the Court of Common Pleas of Erie county for $800, on a note dated April 1st 1868, for that sum, payable to the plaintiff or bearer in six months with interest, with warrant of attorney to confess judgment, waiving inquisition, exemption, &c. ; the note and warrant were not under seal, and were signed by Theodore Eimers only.

The plaintiff doubting the effect of the entry of the judgment against the members of the defendant firm other than Theodore Eimers, brought an action of assumpsit to February Term 1839, against Matthew Kneib, Martin Schwab and Joseph Eimers, who, he averred, were the other partners.

His declaration set out the indebtedness of the firm to him on the note mentioned in the judgment ; that judgment had been recovered on it against T. Eimers by virtue of the warrant of attorney, "but no valid judgment had been obtained against the defendants, the remaining members of the said firm, by reason whereof and by force of the statute, &c., the plaintiff became entitled to have and maintain this action against the defendants." Kneib alone took defence and pleaded the general issue, but did not put in an affidavit denying the partnership, as required by the rules of the Court of Common Pleas of Erie county.    The case being thus at issue it came on for trial January 30th 1871.

After the plaintiff had closed his case, the defendant offered in evidence the record of the judgment, No. 825, to February Term 1868, to show a former recovery for the same cause of action.

On the plaintiff's objection the court rejected the offer, for the reason that there was no plea of " former recovery."

The defendant then, by leave of the court, added the plea of " former recovery," in which he set out the above-mentioned judgment.    The cause was continued on motion of the plaintiff.

[Kneib v. Graves.]

On the 31st of January the plaintiff suggested that the defendant by his plea of former recovery had affirmed the judgment mentioned in it as a valid judgment against him, and thereupon moved " for leave to issue an execution on this judgment against the said Kneib as well as the other defendants."

The court granted a rule to show cause, which after argument was made absolute March 27th 1871 ; and a fi. fa. was accordingly issued.

This ruling of the court was assigned for error by Kneib on his removal of the record to the Supreme Court.

*J. R. Thompson*, for plaintiff in error.

*S. E. Woodruff*, for defendant in error.—The judgment was primâ facie good against all the firm ; Kneib not having asked it to be set aside, it must stand : Harper *v.* Fox, 7 W. & S. 142 ; McDuffie *v.* Bartlett, 3 Barr 317 ; Collyer on Part., section 469. Kneib's plea of " former recovery" estopped him : 3 Chitty's Pl. 929 ; Hayes *v.* Gudykunst, 1 Jones 221 ; Taylor *v.* Parkhurst, 1 Barr 197 ; Ranck *v.* Becker, 12 S. & R. 412 ; Co. Litt. 352 a ; Kelly *v.* Eichman, 3 Whart. 419 ; Coke *v.* Brummell, 8 Taunton 439.

The opinion of the court was delivered, January 9th 1872, by

WILLIAMS, J.—The plaintiff below was entitled to an execution against the partnership, on the judgment confessed by T. Eimers, one of the firm, and to satisfaction thereof out of the joint effects ; but he had no right to an execution against the other members of the firm not named in the record. If they authorized or assented to the confession of the judgment, their individual property may have been liable to seizure and sale on an execution against the partnership, but the judgment, as confessed, did not authorize an execution against the individual members composing the firm. If, therefore, the plaintiff in error is estopped, by his plea of former recovery in the action subsequently brought against him on the note upon which the judgment was confessed, from denying that the judgment against the partnership is a valid and binding judgment against himself as a member of the firm, it does not follow that an execution might be rightfully issued thereon against him. Nothing can be plainer than that the execution must follow the judgment and be warranted by it. And whether the execution corresponds with the judgment and is warranted by it or not, depends upon the nature and form of the judgment, and not upon the effect to be given to it by a plea of former recovery or any other matter dehors the record.

It follows that the execution in this case was erroneously issued against the plaintiff in error. It should have issued against the

[Kneib *v.* Graves.]

partnership, in conformity with the judgment. Whether the plaintiff in error would be estopped by his plea from denying the right to seize and sell his individual property upon an execution against the partnership is a question not presented by the record, and we express no opinion in regard to it. All that we decide is that the execution was improperly issued against the plaintiff in error, whether he is estopped by the plea of former recovery from denying that the judgment is binding on him, or not.

The order of the 29th of March 1871, making the rule to show cause why execution should not issue in this case against M. Kneib, &c., absolute, is reversed, and the execution issued in pursuance thereof, is set aside at the costs of the defendant in error, the plaintiff below.