F. W. McCLEERY ET AL. v. A. H. THOMPSON ET AL.

APPEAL BY PLAINTIFFS FROM THE COURT OF COMMON PLEAS NO 2 OF ALLEGHENY COUNTY.

Argued November 1, 1889—Decided November 11, 1889.

1. A judgment confessed by one partner in the firm name, though for a firm debt, is void against the others, but is good against the partner confessing it, and under it partnership goods may be taken in execution. Grier v. Hood, 25 Pa. 430; Ross v. Howell, 84 Pa. 129.

2. Yet, where, after a partnership has been dissolved, such a note is executed by one partner and judgment entered thereon, the judgment against the firm and the other partner will be stricken off, even though the obligation was given for a partnership indebtedness to the plaintiffs.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No 169 October Term 1889, Sup. Ct.; court below, No. 221 July Term 1889, C. P. No. 2.

On June 15, 1889, upon a note under seal dated June 1, 1889, for $152.57, at one day after. date, to the order of McCleery, Myers, Sedden & Co., with warrant of attorney to enter judgment, and purporting to be executed by " Thompson

& Brown," a judgment was confessed in favor of the obligees for the amount thereof against "A. H. Thompson and George C. Brown, late partners as Thompson & Brown."

On June 20, 1889, George C. Brown presented his petition averring that A. H. Thompson and the petitioner had formed a copartnership for the purpose of dealing in groceries, etc.; that said firm in the course of its dealings with McCleery, Myers, Sedden & Co., became indebted to them in the sum of $152.57; that the copartnership of Thompson & Brown was dissolved by mutual consent on June 5, 1889, the petitioner purchasing from said Thompson his entire interest in said business and firm, and that exclusive possession and control of the property and assets of the firm were immediately transferred to the petitioner, who agreed, in consideration thereof, to assume and pay all the debts of said firm, including the indebtedness to McCleery, Myers, Sedden & Co., and thereafter said Thompson had no authority whatever to act for said firm or to bind it in any way. The petitioner further averred that the said A. H. Thompson executed the note upon which judgment was entered on or after June 14, 1889; that the plaintiff firm, at the time of obtaining said note, well knew of the dissolution of the firm of Thompson & Brown, and that the petitioner had assumed payment of the debts of said firm. Wherefore the petitioner prayed the court to strike off the judgment entered, as to George C. Brown, and also as to the firm of Thompson & Brown.

To the rule granted upon the foregoing petition, the plaintiffs answered, averring, inter alia, that the note upon which judgment was entered was given to them for a copartnership liability of the defendant firm, and attached to their answer the affidavit of A. H. Thompson, which averred: "that said note was signed by affiant for goods and merchandise received by Thompson & Brown, as aforesaid, and still remains due and unpaid as claimed by plaintiffs, as aforesaid. Affiant further says, that when the said George C. Brown pays his check for $77.50, the firm should be dissolved; and that said George C. Brown was to pay all debts of said defendant's firm, and which check of $77.50 has not been paid until this date, and the debts of said firm are not paid, and the said firm is not dissolved until the said George C. Brown pays affiant said check

of $77.50, as aforesaid; and no agreement was signed by affiant waiving his right not to sign notes, etc., and affiant had the right to sign said note to plaintiffs; and said check can be produced in court, and said check is dated after said note is dated, and the payment of said note is a benefit to both defendants, and defendants have no defence to same, as affiant is informed and believes."

Depositions having been taken and filed, and argument had, the court in banc, EWING, P. J., on July 29, 1889, without opinion filed, made the rule absolute, and ordered that the judgment as to George C. Brown and Thompson & Brown be vacated. Thereupon the plaintiffs took this appeal, assigning the said order for error.

*Mr. Frank Whitesell* (with him *Mr. W. W. Whitesell*), for the appellants.

Counsel cited: Grier v. Hood, 25 Pa. 430; Ross v. Howell, 84 Pa. 129; Willis v. Evans, 20 Wend. 251; Taylor v. Henderson, 17 S. & R. 456; Harper v. Fox, 7 W. & S. 143; Corson v. Beans, 3 Phila. 433; Edwards v. Tracy, 62 Pa. 374; Schmertz v. Shreeve, 62 Pa. 457; Horner v. Hower, 39 Pa. 126; Ward v. Tyler, 52 Pa. 393; Watkinson v. Bank of Penna., 4 Wh. 482; Fereira v. Sayres, 5 W. & S. 210; Whittier v. Gould, 8 W. 485; Potter v. Price, 3 Pittsb. 136.

*Mr. William Yost* (with him *Mr. John Rebman, Jr.*), for the appellee.

Counsel cited: Schmertz v. Shreeve, 62 Pa. 460; Dubois's App., 38 Pa. 236; York Bank's App., 36 Pa. 460; Taylor v. Coryell, 12 S. & R. 243; Gay v. Waltman, 89 Pa. 453; Heft v. Basford, 2 Pa. C. C. R. 278.

OPINION, MR. JUSTICE MITCHELL:

It has long been settled that a judgment confessed by one partner in the firm name, even for a partnership debt, is void against the non-assenting partners, and will be struck off by the court on motion. It is equally settled, however, that the judgment is good against the partner confessing it, and that the partnership goods may be sold under an execution on such judgment for a firm debt: Gerard v. Basse, 1 Dall. 119; Grier

v. Hood, 25 Pa. 430; York Bank's App., 36 Pa. 458; Taylor v. Henderson, 17 S. & R. 456; Harper v. Fox, 7 W. & S. 142; Ross v. Howell, 84 Pa. 129. I may note in passing a serious error in the syllabus of Grier v. Hood, in stating that "one partner has power to confess a judgment against the firm," etc. The words of Justice KNOX, on page 432, are the reverse: "That one partner cannot confess a judgment against another partner, even for a partnership debt, is a conceded legal principle."

The present case was argued as if an execution had issued on the judgment, and its validity were involved; but we do not find anything on the record, as printed, to raise this question, and it is entirely unnecessary to discuss this branch of the case further, as there is another ground on which the action of the court below must be sustained.

It is clear that this judgment note was signed by Thompson after the dissolution of the partnership, and after all his authority as a partner was at an end. By the terms of the dissolution Thompson sold out to Brown, and retired. Thenceforth the business was exclusively Brown's, and the confession of judgment by Thompson was not only without authority, but in fraud of Brown's rights. Much stress was laid by the learned counsel, at the argument, on the fact that appellant's claim is admittedly a partnership debt, justly due by Brown as well as Thompson. But the question is not whether both partners are liable, but whether the creditors can make a short cut to judgment, by the unauthorized act of one. This the settled rules of law prohibit.

Judgment affirmed.