## Samuel W. Evans, Jr., trading as S. W. Evans & Son, Appellant, v. David H. Watts.

*Partnership—Partnership agreement—Continuance of partnership after death of a partner.*

If partnership articles provide for the continuance of the partnership after the death of a partner such death will not work a dissolution.

Where partnership articles provide that, in case of the death of a partner during the term, his executors or administrators may elect that the business shall continue during the term, for the benefit of the persons entitled under the deceased, and a partner dies and the business is continued for sixteen months, without any action on the part of the administratrix of the deceased partner, it will be presumed that the administratrix has elected to continue the business.

*Partnership—Confession of judgment by partner.*

A judgment may be confessed for a partnership debt by one member of a firm, without the consent of the other members, and if the property of the firm be sold under an execution issued upon such judgment, the purchaser will take a good title.

Argued Jan 23, 1899.   Appeal, No. 348, Jan. T., 1898, by plaintiff, from decree of C. P. No. 2, Phila. Co., March T., 1898, No. 674, dismissing bill in equity.   Before STERRETT, C. J., GREEN, MITCHELL, DEAN and FELL, JJ.   Affirmed.

Bill in equity for an accounting.

The facts appear by the opinion of the Supreme Court.

*Error assigned* was decree dismissing the bill.

*Samuel Wakeling,* for appellant.—It is contended that, upon the insolvency of the business after the dissolution of the partnership, its assets were to be first applied to the payment of its creditors without preference (the assets being in the nature of a trust estate) and the preference to Watts as appellee was void under the principle declared in Woddrop v. Weed, 154 Pa. 307, which held that trust property embarked in business was primarily liable to creditors for debts, and that a trustee appointed under a will to conduct the business of the testator could not, after both trust estate and trustee became insolvent, confess judgment to a creditor of the trust estate so as to give such creditor a preference over other creditors in the distribution of the trust estate.

It is also contended that the confessions of judgment by Paul, as a surviving partner, in the name of William Harvey & Company, were also void as to other creditors, under the principle set forth in the case of Castle v. Reynolds, 10 Watts, 51; Bennett v. Marshall, 2 Miles, 436.

It is contended by the appellant that, to constitute a valid judgment, there should be proper parties upon the record. Nothing on the face of the note designated the parties to be bound: Miller v. Glass Works, 172 Pa. 70.

*R. O. Moon,* for appellee.—One partner may confess a judgment in the name of the firm of which he is a member which will authorize a sale of the interest of all the partners in partnership property: Kneib v. Graves, 72 Pa. 104; McDonald v. Simcox, 98 Pa. 619; Ross v. Howell, 84 Pa. 129; Grier v. Hood, 25 Pa. 430; McNaughton's App., 101 Pa. 550; McCleery v. Thompson, 130 Pa. 443.

OPINION BY MR. JUSTICE GREEN, May 31, 1899:

The articles of agreement in this case were executed on May 7, 1894, and provided for the creation of a partnership between the parties, to continue for the period of five years and six months from the first day of January, 1894. The partnership, therefore, would continue under the agreement until the first day of July, 1899. The articles contained a provision that, in case of the death of a partner during the term, his executors or administrators might elect that the business should continue during the term for the benefit of the persons entitled under the deceased. Further provisions required that annual settlements should continue as before, and that the share of the deceased partner in the profits should be carried to his credit and should be paid to his representatives. It was also provided that if the representatives made no election within three months after the death of the partner the business should be continued until the following first day of July, and then closed. It was alleged in the bill, and was the fact, that the partner, William Harvey, died on November 23, 1894 ; that no election was made by his administratrix to continue the business under the articles, nor were any arrangements made for closing the business on July 1, 1895, or for the settlement of its affairs and the liquidation of its liabilities. And it was also alleged in the bill, and was the fact, that the business of the firm was continued after the death of William Harvey with the full knowledge and consent of Althea N. Harvey, the administratrix of his estate, and was " conducted by the surviving partners with the capital, assets and estate of the said partnership, under the name of William Harvey and Company, at its then existing place of business at Venango and Ruth streets, in the city of Philadelphia, and its salesroom in the city of New York, until March 14, A. D. 1896, at which time the business became insolvent."

It is at once apparent that the business of the firm was carried on by the surviving partners in the firm-name and at the same place, after as before the death of Harvey, on November 23, 1894, and until March 14, 1896, by and with the full knowledge and consent of his personal representative, and that no arrangements were made for the dissolution of the firm, or closing its business at any time after his death. In such circumstances it must be considered that the administratrix had in point of fact

exercised her right of election to continue the business, as no formal mode of expressing such election was prescribed by the articles of partnership. The period of time during which the firm business was thus carried on was upwards of sixteen months, and it cannot be doubted that she would have been entitled to share in the profits of the business during that time had any been made. Nor was any agreement for dissolution made on March 14, 1896, and although judgments were on that day confessed in favor of several partnership creditors against the firm, which were followed by executions and sales of the partnership property, and possession thereof taken by the purchaser, and the purchase money divided between the execution creditors, no objection either to the confession of the judgments or the seizure and sale of the partnership property was made by any member of the firm, nor by the administratrix of the deceased partner. All of the confessions of judgment were signed by William H. Paul, one of the surviving partners, in the name of the partnership, "William Harvey & Co." The debts for which the judgments were confessed must be presumed to be partnership debts, because there is no allegation in the bill filed to the contrary, nor in the history of the case, nor in the argument for the appellant, and the judgments were ostensibly confessed by the partnership. The circumstance that the entry of the judgment included the name "Estate of William Harvey" in the enumeration of the persons who composed the partnership, is of no consequence, as the judgment was actually entered against the firm in the firm-name, and that is sufficient to bind the firm assets. It is a mistake to assume that the death of William Harvey dissolved the partnership, and it is of no service to cite authorities to show that the power of a partner to confess a judgment against the firm expires with the dissolution of the firm. The articles having provided for the continuance of the partnership after the death of a partner, dissolution did not necessarily follow as the result of such death. It is not necessary to cite authorities in support of the proposition that partnerships may be continued by agreement of the parties after the death of a member.

In these circumstances all the authorities concur, and it is really not disputed, that a judgment may be confessed for a partnership debt by one member of a firm without the consent

of the other members, and that under an execution issued upon such a judgment the property of the firm may be sold, and the purchaser will take a good title. A slight reference to a very few of the decisions will suffice. Thus in Grier & Co. v. Hood, 25 Pa. 430, we held that one partner has power to confess a judgment against the firm for a partnership debt. If one partner confesses a judgment against the firm for a partnership debt, another creditor of the firm can interpose no objection to the judgment on that account. A sale of partnership property on execution issued upon a judgment confessed by one partner alone against the firm for a partnership debt will vest a good title to the property in the purchaser ; and such execution being the first lien will be entitled to the proceeds of the sale. KNOX, J., delivering the opinion, said : " It is the equities between the partners, rather than those of the creditors, which are recognized in the distribution of firm assets, and creditors are not even permitted to make an objection to a judgment, because it may have been given by one partner in the name of the firm for a firm debt. . . . . So far as the judgment affects only the property of the firm, it is good if obtained in the firm name against any representative of the firm, and there is no reason why it should not be, for the individual partner has full power and authority to apply the property directly to the payment of the debt. He may even assign the whole of the partnership effects for a bona fide partnership purpose (6 W. & S. 301), and what he can do by his own act, he may cause to be done by operation of law."

Under this ruling it is not a matter of the least consequence whether the administratrix of William Harvey consented to the confession of the judgment or not, or whether she had knowledge of it or not. Neither her consent nor her knowledge was necessary to give validity to the judgment. In McNaughton's Appeal, 101 Pa. 550, the present Chief Justice delivering the opinion, said : " One of the general incidents of the partnership relation is the right of each partner to apply the firm assets to the payment of its liabilities ; and. following out that principle, it has been held that one of several partners may justly subject the joint property to levy and sale in discharge of partnership indebtedness, by giving a judgment note therefor in the name of the firm as was done by Kingsland in this case." Other authorities to the same effect are Kneib v. Graves, 72 Pa. 104;

McDonald v. Simcox, 98 Pa. 619 ; McCleery v. Thompson, 130 Pa. 443.

We are clearly of opinion that the learned court below was entirely right in sustaining the demurrer and dismissing the plaintiff's bill.

Decree affirmed and appeal dismissed at the cost of the appellant.