MORGAN *et al.*, Appellants, *vs.* RICHARDSON, Respondent.

1. A judgment confessed by one partner, in the name of himself and his co-partner, is void as to the co-partner, and an execution issued thereon is properly quashed on his application.

### *Appeal from Greene Circuit Court.*

*Leonard*, for appellants.

The judgment confessed is not void, even against the non-

confessing partner; but at most, is only voidable upon good cause shown. *Green* v. *Beals*, 2 Caine's Rep. 254. *Motteux* v. *St. Aubin*, 2 Black. Rep. 1133. *Denton* v. *Noyes*, 6 Johns. Rep. 295. *Wood & Oliver* v. *Ellis*, 10 Mo. Rep. 383.

A good defence to the demand on the merits is always part of the good cause for setting aside a judgment alleged to have been confessed without authority. Here, the non-confessing partner has no merits and pretends to none.

*Hayden*, for respondent.

The clerk of the circuit court is a mere ministerial officer, under the constitution of the state, and has no judicial power to render a judgment in vacation.

The confession was made by J. M. Richardson, after the dissolution of the partnership. It is not competent for one partner to bind another by deed, even during the continuance of the partnership, nor to bind him in a more solemn form, by a confession of judgment. 1 Wend. 333 and following. Ib. page 326 and following, and authorities there cited. Collier on Partnership, 260, and notes.

SCOTT, Judge, delivered the opinion of the court.

This was a proceeding to set aside a judgment and execution thereon, confessed in vacation, in the name of A. & J. M. Richardson, to the appellants, under the 22d article of the new code of practice. Achilles and J. M. Richardson were partners in trade, and indebted to the appellants, for merchandise. The indebtedness was evidenced by a promissory note, executed in the name of the firm. The confession was authorized by J. M. Richardson alone, and after the dissolution of the partnership between him and Achilles Richardson. The execution was levied on goods belonging to A. Richardson. The court below set aside the judgment against A. Richardson, and quashed the execution.

1. The facts in this case stand admitted by the demurrer to the petition, and we are at a loss to conceive the ground upon which the proceeding can be sustained against A. Richardson.

The case of *Green* v. *Beals*, 2 Caine's Rep. is an authority to show that the judgment confessed by J. M. Richardson was void as to A. Richardson. The cases of *Motteux* v. *St. Aubin*, 2 Black. 1133, and *Denton* v. *Noyes*, 6 Johns. Rep. are not applicable to the circumstances of this case. It cannot be maintained, that a partner, either before or after the dissolution of the co-partnership, has authority to confess a judgment for his co-partner. The authorities are abundant to show that one partner cannot confess a judgment which will bind his co-partner. *Crane* v. *French*, 1 Wend. 311. *McBride* v. *Hagan*, 1 Wend. 327. We can see no difference in principle between setting aside the judgment and restraining an execution upon it, as either mode of action is based upon the nullity of the proceeding, which is not permitted to be used as a foundation for any future action against the party, for whom it has been unwarrantedly entered.

It does not appear that the judgment against J. M. Richardson has been vacated, nor will we interfere with it. The other Judges concurring, the judgment below will be affirmed. •