Fairbanks & Co. v. Kraft, Holmes & Co.

FAIRBANKS & Co., Respondents, v. KRAFT, HOLMES & Co. *et al.*, Appellants.

Kansas City Court of Appeals, January 5, 1891.

1. **Partnership:** CONFESSION OF JUDGMENT. It is not within the power of a partner to confess judgment against the partnership, and such judgment is invalid as to the firm.

2. **Injunction:** CREDITOR'S RIGHT TO, AGAINST INVALID JUDGMENT. Judgment and attachment creditors are entitled to an injunction restraining the constable from paying over the money realized from the sale of the goods of a common debtor firm under an execution issued on a judgment confessed by one member of the debtor firm.

Fairbanks & Co. v. Kraft, Holmes & Co.

*Appeal from the Jasper Circuit Court.*—HON. M. G. McGREGOR, Judge.

AFFIRMED.

*Harding & Buller*, for appellants.

(1) There is no equity in the plaintiffs' bill. A court of equity will not interfere on behalf of one creditor to enable him to take advantage of technical defects in the proceedings of a court of law, but will leave the parties to their legal remedies. 2 Story Equity, secs. 887, 1575; High on Injunc., secs. 85, 86, 87, and note; secs. 129, 130; *Kirk v. Wheeler*, 3 John. Ch. 275, 280; *Budd v. Long*, 13 Fla. 309; *French v. Shotwell*, 6 John. Ch. 235; *Tilton v. Cofield*, 93 U. S. 167; *Kennier v. Kennier*, 45 N. Y. 540; *McHenry v. Shepard*, 2 Mo. App. 378; *Janney v. Spedden*, 38 Mo. 395; *Franklin v. Gumersell*, 9 Mo. App. 84–89. (2) Equity will not interfere to prevent the collection of a judgment at law except when it would be against conscience to collect it and where the other party has no remedy at law. *Dodson v. Barce*, 12 N. Y. 165; 1 Abb. Pr. 103. (3) Under a judgment by confession, made by one partner, in the firm name, for a partnership debt, a sale of partnership effects, under execution, would be valid. *Bank v. Bank*, 136 U. S. 223; *Ross v. Howell*, 84 Pa. St. 129; *Grier v. Hood*, 25 Pa. St. 25; *Inbush v. Farwell*, 1 Black (U. S. S. Ct.) 566.

*McReynolds & Halliburton*, for respondents.

There was equity in plaintiffs' bill, and this proceeding was the proper way to reach the judgments obtained by Kraft-Holmes Grocery Company. Plaintiffs did not have to be judgment creditors. See *Loth v. Faconesowich*, 22 Mo. App. 68; *Patterson v. Stephenson*, 77 Mo. 329; R. S. 1889, sec. 571. The judgments

obtained by Kraft–Holmes Grocery Company were void as to Botthoff, the confession being made by Stickel alone, and was an election by Kraft-Holmes Grocery Company, to look to the property of Stickel alone for their debt, and could not be enforced against the firm assets in preference to other creditors. R. S. 1889, sec. 6274; *Morgan v. Richardson*, 16 Mo. 409.

ELLISON, J.—Plaintiffs and defendants, Kraft, Holmes & Co., are creditors of the firm of Stickel & Botthoff who are insolvent. Defendant Shelton is a constable holding various executions against Stickel & Botthoff under which he sold their stock of groceries. This is an injunction proceeding to restrain the constable from paying over the proceeds of the execution sales, and the various creditors from receiving the same. The injunction was dissolved as to all defendants except the constable and Kraft, Holmes & Co., and against them it was made perpetual. No appeal was taken by the constable, and Kraft, Holmes & Co. alone complain.

They, on the sixth of February, 1889, by their agent, one Kirk, procured Stickel & Botthoff to give two notes for $76.21, each dated February 6, 1889, due one day after date, in settlement of their indebtedness to them, and also procured from Stickel confessions of judgment thereon against the firm signed, "Stickel & Botthoff, by L. R. Stickel," upon which judgments were rendered by a justice of the peace on the same day, and he immediately issued executions thereon and placed them in the hands of defendant Shelton, the constable, who immediately levied upon the stock of goods of the firm. On the same day, both Stickel and Botthoff went before said justice, confessed judgments in favor of Henry Petring's Grocery Company, and on the same day they went voluntarily before another justice of the peace and confessed judgments in favor of J. J. Wells & Co., and the Forsyth Milling Company. Executions and writs of attachment were duly issued in each case

and levied on the same goods on the same day, but all after the levy of Kraft, Holmes & Co.; and in due time the goods were sold by constable Shelton for about $700.

. The foregoing is a sufficient statement of the facts of the case for its proper disposition by us.   Appellants contend that these facts do not constitute ground for an injunction, but in our opinion an injunction may be properly allowed.   The judgments confessed were against a partnership, while the confession was made by one partner only.   This is not within the power of a partner, and the judgment, therefore, as to the firm, was invalid.   *Morgan v. Richardson*, 16 Mo. 409.

The partnership property, however, and upon which plaintiffs had duly levied an attachment for their debt, was sold under such judgment and the proceeds were about to be paid over to appellants.   In our opinion a proceeding to restrain such action is sustained by authority.   *Morgan v. Richardson*, *supra*; *Loth v. Faconesowich*, 22 Mo. App. 68.

The judgment is affirmed.   All concur.