## Ross *versus* Howell.

The interest of all the partners in the partnership property may be sold under an execution upon a judgment confessed by a single partner in the firm name and for a firm debt.

March 14th 1877. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON, WOODWARD and STERRETT, JJ.

Error to the Court of Common Pleas of *Susquehanna county*: Of January Term 1876, No. 122.

John Q. Humphrey and Robert Bruce Ross are partners in the lumbering business. Humphrey gave W. S. Howell a note with confession of judgment, for a partnership debt, and signed the note with the firm name, Humphrey & Ross. Judgment was entered upon the note against both Humphrey & Ross, upon which an execution was issued and levied upon the partnership property of the firm. Ross came in with an affidavit denying that he executed said note, or authorized Humphrey to sign the firm name to the warrant to confess judgment, and asked to have the execution stayed as to him, and that the sheriff be enjoined from selling his interest in the partnership effects of Humphrey & Ross. The court stayed the writ as to Robert Bruce Ross, but declined to enjoin the sheriff from selling the entire partnership property. Ross being dissatisfied with this ruling, asked the court to allow him a writ of *audita querela* against Howell, which the court allowed, and directed a scire facias to issue, wherein Howell was required to show cause why the execution should not be so stayed or set aside that the interest of Ross should not be sold on the same.

To this complaint and scire facias Howell filed a general demurrer. The plaintiff joined therein, and the court, Streeter, P. J., after argument, said, "We hold, that for a partnership debt, the entire partnership effects may be sold on an execution issued upon a judgment against one of the partners; especially where the record shows the fact, that the judgment was confessed for a partnership debt. * * *

"We are of the opinion that the defendant in this case should not be restrained from selling the whole interest in the goods of the firm of Humphrey & Ross; and the demurrer must therefore be sustained.

"Judgment on the demurrer for the defendant."

This action of the court was the error assigned.

This case was originally argued in the Supreme Court on the 17th of March 1876, and a few days thereafter the court made an order for a re-argument, wherein counsel was requested to direct their attention to the discussion of the question as to what rights and

3 NORRIS—9

interests of the non-assenting partner are affected by the voluntary confession of the assenting partner.

*Littles & Blakeslee,* for plaintiff in error.—One partner cannot confess a judgment to bind his co-partner even for a firm debt, and such judgment will be vacated as to the non-assenting partner on his application : Bitzer *v.* Shunk, 1 W. & S. 342, where the name of Shunk was ordered to be stricken from the record. Here the judgment should be treated as against Humphrey, not against Humphrey & Ross. While it is admitted that the judgment is for a firm debt, that fact is *dehors* the record. ˙ The execution must follow the judgment and be warranted by it, and it therefore depends upon the nature and form of the judgment and not on any matter *dehors* the record : Kneib *v.* Graves, 22 P. F. Smith 105. A judgment against Humphrey cannot support a fi. fa. against Humphrey & Ross. It is contended, however, that on a judgment and a fi. fa. against one partner for a firm debt you may sell the firm property. This makes the fi. fa. follow the nature of the debt and not the character of the judgment. It is true a creditor could not object to this, but this rule cannot apply to a non-assenting partner. The cases cited by the defendant in error are those where creditors and not a non-assenting partner contested the judgment. York Bank's Appeal, 12 Casey 459, rules this case, where the non-assenting partners asked leave to have the lien of judgments for firm debts limited to the separate property of the partner who confessed the same, and the court made an order accordingly. See also the following cases in other states : Carne *v.* French, 1 Wend. 311 ; Parsons on Partnership, p. 178, n. *g ;* Green *v.* Beales, 2 Caines 254 ; Stoutenburgh *v.* Vandenburg, 7 How. Pr. Rep. 229 ; Everson *v.* Gehrman *et al.,* 10 Id. 301 ; Christy *v.* Sherman, 10 Iowa 535.

*W. D. Lusk* and *J. B. & A. H. McCollum,* for defendant in error.—For a partnership debt the entire property in the partnership effects must be sold, even on a judgment against one of the partners, because the law will, in such a case, enforce the same equitable principle requiring the application of joint effects to the joint debts first, which such partners might, and indeed ought to have made, voluntarily : Taylor *v.* Henderson, 17 S. & R. 457 ; Harper *v.* Fox, 7 W. & S. 143 ; Corson *et al. v.* Beans *et al.,* 3 Phila. R. 434 ; Commonwealth *v.* Rogers, 4 P. L. J. R. 215 ; Graham *v.* Eichbaum, Brightly's Rep. 439 ; White & Schnebly's Case, 10 Watts 221 ; Grier *v.* Hood, 1 Casey 430 ; Carey *v.* Bright, 8 P. F. Smith 77, 84 ; Inbusch *v.* Farwell, 1 Black 566. It differs not whether the judgment be obtained adversely or by confession : Harper *v.* Fox, 7 W. & S. 143 ; Grier *v.* Hood, 1 Casey 430 ; Corson *et al. v.* Beans *et al., supra ;* Carey *v.* Bright, 8 P. F. Smith 77 ; Kneib *v.* Graves, 22 Id. 104. To what extent

[Ross v. Howell.]

one partner can bind another in the disposition of the entire property of the concern, is a question of power arising out of the relation of partnership, and does not, we think, depend upon the form or manner in which it is exercised : Tapley v. Butterfield, 1 Metc. 515.    This view of the subject is also taken by this court in Dubois's Appeal, 2 Wright 236 ; Deckard v. Case, 5 Watts 22 ; Hennessy v. Western Bank, 6 W. & S. 300, and Schmertz v. Shreeve, 12 P. F. Smith 460.

The judgment of the Supreme Court was entered, March. 26th 1877,

PER CURIAM.—The precise question raised by the scire facias and demurrer in this case, is on the right of Howell, the creditor, to sell the interest of R. B. Ross as a partner in the partnership effects levied upon the fi. fa., under a judgment against Humphrey, the other partner, confessed for a debt of the firm.    This being the only question raised by the demurrer, the court below was right in giving judgment for the defendant, Howell, in the *audita querela.*

Judgment affirmed.