# APPEAL OF PERTH AMBOY TERRA COTTA CO.
# PERTH AMBOY TERRA COTTA CO. v. WOOD.

FROM THE DECREE OF THE COURT OF COMMON PLEAS OF
MONTGOMERY COUNTY.

Argued February 8, 1889—Decided February 25, 1889.

(a) Green executed a note under seal, with warrant of attorney to enter judgment, signing thereto the name of a copartnership and his own name, upon which note judgment was confessed and an execution issued and levied upon the copartnership property.

(b) Wood presented his petition setting forth that he was a member with Green of the copartnership defendant, and that neither the copartnership nor himself was indebted to the judgment plaintiff when the note was made, praying that the judgment be opened and for an issue.

(c) The court did not open the judgment but stayed the execution and ordered an issue to try: (1) whether Wood and Green were partners in the defendant firm when the judgment was confessed, and (2) if so, what if anything was due by said firm upon the judgment so confessed.

(d) Upon the evidence submitted on the trial of the issue, and under binding instructions from the court thereon, the jury found that the copartnership existed at the time referred to, and that there was nothing due on the judgment.

1. In such case, as the court below did not open the judgment nor refuse

to open it, it was manifest that no appeal lay at the suit of the judgment plaintiff, under the act of April 4, 1877, P. L. 53: Jenkintown N. Bank's App., ante 337, followed.

2. The issue framed was merely to inform the conscience of the court upon the particular facts embraced in it, was not to be measured by the strict rules of an ordinary jury trial, and the court might thereafter open or refuse to open the judgment, notwithstanding the verdict.

3. And, as there was sufficient evidence to show that Wood and Green were copartners in the judgment defendant firm, the judgment confessed by Green in his own name and in that of the copartnership bound no one but himself.

Before PAXSON, C. J., STERRETT, GREEN, CLARK and MITCHELL, JJ.

Nos. 215, 216 January Term 1889, Sup. Ct.; court below, No. 1 October Term 1887, C. P.

On December 6, 1886, E. C. Wood filed his petition in the court below setting forth in substance:

That on May 15, 1886, he entered into a copartnership with Alfred H. Green, for the manufacture of building materials and from that time until recently said Green and the petitioner carried on said business at Ardmore, under the name and style of the Ardmore Wood Working Company.

That on October 8, 1886, said Green without the knowledge of the petitioner executed a bill single in favor of the Perth Amboy Terra Cotta Co., for the sum of $1,617.70, which was as follows:

$1,617.70.                    PHILADELPHIA, Oct. 8, 1886.

One day after date I promise to pay to the order of The Perth Amboy Terra Cotta Company, sixteen hundred and seventeen 70-100 dollars, without defalcation value received with interest. And further I do hereby authorize and empower any attorney of any court of record of Pennsylvania or elsewhere to appear for and to enter judgment against me for the above sum, with or without declaration, with costs of suit, release of errors, without stay of execution, and with 5 per cent. added for collect fees; and I also waive the right of inquisition on any real estate that may be levied upon to collect this note, and do hereby voluntarily condemn the same, and authorize the prothonotary to enter upon the fieri facias

my said voluntary condemnation and I further agree that said estate may be sold on a fieri facias and I hereby waive and release all relief from any and all appraisement, stay of execution laws of any state, now in force or hereafter to be passed.

ARDMORE WOOD WORKING CO. [L. S.]
ALFRED H. GREEN. [L. S.]

That on November 16, 1886, judgment was entered on said bill single against the Ardmore Wood Working Co. and Alfred H. Green, and the same day a fieri facias was issued thereon and a levy made upon all the material, unfinished work and other property, of the copartnership at Ardmore, all of which were advertised at sheriff's sale.

That said bill single was unauthorized by the Ardmore Wood Working Company, or by the petitioner, and neither the petitioner nor the said copartnership ever had any business transactions with the judgment plaintiff, and neither was in any way indebted to said judgment plaintiff at the time of the date of said bill or at any other time.

That immediately after the issuing of said fieri facias and the making of the levy thereon, to wit, November 20, 1886, said Alfred H. Green committed suicide, and the petitioner then first learned of the existence of said bill single and of the judgment thereon:

Praying that a rule be granted to show cause why said judgment should not be opened as against said Ardmore Wood Working Company, and the petitioner and said company be let into a defence, etc.

A rule having been granted as prayed for, testimony was taken on depositions and filed, showing the facts sufficiently appearing in the opinion filed on June 6, 1887, SWARTZ, J.:

Edward C. Wood, the petitioner, alleges that Alfred H. Green entered into copartnership with him, under the name and style of the Ardmore Wood Working Company, that the said Green without the knowledge of Wood, executed a bill single to the Perth Amboy Terra Cotta Co., signing thereto "Ardmore Wood Working Co.," and "Alfred H. Green;" that judgment was entered upon this bill single and execution issued; that the judgment so confessed was for the individual

debt of said Green and not for money furnished to the copartnership.

Does the testimony offered establish the alleged partnership?

Upon page 364 of the letter book produced, we find a copy of a letter written by Green to one Shannon on the 13th day of May, 1886. Mr. Green writes: "I did not advertise for a partner as yet, as I was not sure of the mill, but I will advertise to-morrow or next day." Two days afterwards, on May 15th, Alfred H. Green and Edward C. Wood executed a lease for the mill spoken of in the above letter.

It will not do to say that Wood signed as a surety for Green. If that was the purpose of the signature we should find it appended to the printed form provided in the lease. The lease indicates that Green and Wood were equal partners in the Ardmore mill, the place where the business of the Ardmore Wood Working Company was conducted.

On and after the 15th day of May, we find numerous letters written by Green relating to the business at the Ardmore mill, in which he uses the personal pronoun *we* in speaking of the undertakings of the concern. Letters relating to mill work are signed, some "Ardmore Wood Working Company, Alfred H. Green, Manager;" others, "Alfred H. Green & Co.," and still others "Alfred H. Green, Manager." On the 10th of June, 1886, an agent of Bradstreet's commercial agency called on Green. He was informed by him that Alfred H. Green and Edward C. Wood were partners in the lumber business at the Ardmore mill. A card was offered in evidence with the words, "Ardmore Wood Working Company, Alfred H. Green, Manager," printed on its face, and the words, "Co., Edward C. Wood, 1131 N. 41st," indorsed on the back in lead-pencil in the handwriting of Green.

By the death of Green his creditors are incompetent to testify in this case: Karns v. Tanner, 66 Pa. 297; Hanna v. Wray, 77 Pa. 27; Foster v. Collner, 15 W. N. 557; and this incapacity includes Edward C. Wood. Abbot H. Chase, however, is competent. He was an employee of one of the creditors of the Ardmore Wood Working Company, and testifies that Green spoke of Wood as a member of the firm, and that Wood was about to put $5,000 more in the business.

We cannot lose sight of the fact that Wood is the applicant to have the judgment opened. He calls witnesses in support of the alleged partnership. In the testimony before us Green confesses the existence of the partnership, and Wood now asks that his confession be accepted as the truth.

But it is claimed, that even if the partnership is admitted the judgment should not be disturbed, because the confession was for money used by the firm in the partnership business.

Partnership property may be sold under an execution upon a judgment confessed by a single partner in the firm name, and for a firm debt: Ross v. Howell, 84 Pa. 129. Where, however, such confession is for an individual debt, it is fraudulent against all partners who did not consent thereto : nor is it sufficient to show that the judgment so confessed was for money loaned to the individual member of the firm upon his credit, and by him expended in the business of the firm. In such a case, there is no privity of contract between the claimant and the firm, and there could be no recovery against the firm. To make the claim valid against the partnership, the partners must assume it: Donnally v. Ryan, 41 Pa. 306; Brooke v. Evans, 5 W. 200. Such assumption may be inferred if the other members of the firm knew the money went into the business and consented to it: Clay v. Cottrell, 18 Pa. 408. It is not sufficient to show that the consideration money for the judgment went into the firm.

The authorities cited by the plaintiff on this point are all cases where the partners united in the confession of the judgment, or assumed the debt as a partnership liability: Rose v. Keystone Shoe Co., 18 W. N. 565; Seigel v. Chidsey, 28 Pa. 279; Walker v. Marine Bank, 98 Pa. 574.

There is no testimony to show that Wood knew that the money received from the terra cotta company by Green, as their agent, was used by the firm, or that he assented to such use. It does not clearly appear that the money was so used. It was deposited to the name of Alfred H. Green. The money was mingled with his own. Some of it no doubt was used at the Ardmore mill. A number of the checks produced by plaintiffs are drawn to " A. H. G." or bearer. Who received the money drawn on some of these checks does not appear.

The failure to register the partnership cannot affect this

case. There is no attempt to show that the plaintiffs gave credit to Green as the owner of the Ardmore milling business. Green embezzled the money. It never was loaned to him. The very name and style of the business indicated a partnership or corporation: Callender and Robinson, 96 Pa. 454, we think has no application.

It is also urged that the rule was improvidently granted upon the application and affidavit of Wood, because of his incapacity as a witness. The application was properly made by him. It is doubtful whether the creditors had any standing to petition: Grier v. Hood, 25 Pa. 432.

The weight of the evidence before the court is with the applicant, and he is entitled to an issue.

And now, June 6, 1887, an issue is awarded to ascertain the following facts: first, whether Alfred H. Green and Edward C. Wood were copartners in the lumber business at the Ardmore Mill on the 8th day of October, 1886, at the time the judgment was confessed; and, secondly, if at that time such copartnership did exist, what, if anything, was due by said firm upon the judgment confessed to the Perth Amboy Terra Cotta Co.; in which issue the said Edward C. Wood shall be made plaintiff and the said Perth Amboy Terra Cotta Company defendant; all proceedings on the judgment to stay in the meantime.

To the foregoing order the judgment plaintiff excepted, that the court erred:

1. In staying the writ of execution and in granting an issue.

2. In refusing to so frame the issue granted as to determine specifically whether or not the money, the consideration of this judgment, went into and was used in the business of the Ardmore Wood Working Co.

By the court: Exceptions overruled and bill sealed.

The issue formed as above stated was called for trial on October 11, 1888, when the testimony admitted was in substance the same as that submitted on the hearing of the rule for an issue. The court, WEAND, J., charged the jury as follows:

There are several very nice questions of law arising in this

case which are entirely for the court. In the opinion of the
court there is no testimony here upon which the jury is to pass,
as my directions to you are that on the undisputed testimony
in this case it is your duty to render a verdict that on the 8th
day of October, 1886, a partnership existed between Alfred H.
Green and Edward C. Wood in the lumber business at the
Ardmore Mill. On the. second branch of the case I instruct
you that it is your duty to find that as such partnership did
exist, there was nothing due by said firm upon the judgment
confessed to the Perth Amboy Terra Cotta Works.

The jury returned a verdict in accordance with the foregoing
instructions. A rule for a new trial having been discharged,
on December 7, 1888, judgment was entered on the verdict,
when the defendant in the issue, the plaintiff in the judgment,
took an appeal, assigning as error, in substance :

1. The order of June 6, 1887, awarding the issue, and in
overruling the exceptions thereto.

2. The submission of the cause to the jury, and the judg-
ment entered December 7, 1888, upon the verdict of the jury.

The defendant in the issue, plaintiff in the judgment, also
took a writ of error, specifying that the court erred :

1. In granting the issue and staying the execution.

2. In refusing to so frame the issue as to enable the judg-
ment plaintiff to show that the money which was the consider-
ation of the bill single went into the business of the Ardmore
Wood Working Company.

Twenty-three additional assignments of error relating to the
admission or rejection of testimony, were not in accordance
with Rule XXIV.

On the argument in this court, the parties agreed by writing
filed that both causes should be " argued, and considered by
the said court, with the same force as if the court below had
made the rule absolute when the issue was granted, and after
verdict had stricken off the judgment."

*Mr. William S. Divine* and *Mr. Montgomery Evans* (with
them *Mr. Samuel B. Huey*), for the appellant and plaintiff in
error :

Cited : (1) Carmack v. Johnson, 2 N. J. Eq. 164 ; Brown's

App., 17 Pa. 480; French v. Chase, 6 Greenl. 166; Baldwin
v. Lord, 6 Pick. 348; §§ 13, 14, act of April 14, 1851, P. L.
615; (2) Callender v. Robinson, 96 Pa. 454; Hogg v. Orgill,
34 Pa. 344; English's App., 119 Pa. 533; Knarr v. Elgren, 19
W. N. 531; (3) Rose v. Shoe Co., 18 W. N. 565; Clay v.
Cottrell, 18 Pa. 412; Ross v. Howell, 84 Pa. 129; Carey v.
Bright, 58 Pa. 70.

*Mr. Joseph Fornance* (with him *Mr. J. Joseph Murphy*), for
the appellee and defendant in error:

Cited: (1) Hutchinson v. Ledlie, 36 Pa. 112; Banning v.
Taylor, 24 Pa. 289; (2) Earley's App., 90 Pa. 321; Wernet's
App., 91 Pa. 319; Kneedler's App., 92 Pa. 428; Eng-
lish's App., 119 Pa. 539; Knarr v. Elgren, 19 W. N. 531;
(3) Spang v. Commonwealth, 12 Pa. 358; (4) Lewis v. Rogers,
16 Pa. 21; Scull's App., 115 Pa. 141; (5) Bredin's App., 92
Pa. 241; Rose v. Shoe Co., 18 W. N. 565.

PER CURIAM:

Edward C. Wood, the appellee in the first of the above cases,
and the defendant in error in the second, filed his petition in
the court below, praying that the judgment in controversy be
opened as to the Ardmore Wood Working Company and the
petitioner, and that they be let into a defence. The court,
however, did not open the judgment, but directed an issue to
ascertain (a) whether Alfred H. Green and Edward C. Wood
were copartners in the lumber business at the Ardmore Mill
on October 8, 1886, at the time the judgment was confessed;
and (b), if at that time such copartnership did exist, what, if
anything, was due by said firm upon the judgment confessed
to the Perth Amboy Terra Cotta Company; all proceedings
on the judgment to stay in the meantime. The issue thus di-
rected by the court was afterward tried, resulting in a verdict,
under binding instructions from the court, that on October 8,
1886, a partnership existed between Alfred H. Green and Ed-
ward C. Wood, and that there was nothing due on the judg-
ment. Judgment was entered on this verdict.

As the court below did not open the judgment, nor refuse
to open it, it is manifest no appeal lies under the act of assem-
bly. This point is expressly ruled by Appeal of the Jenkin-

town National Bank, ante, p. 337. An agreement was filed at bar, however, that the case should be considered as if the court had made a formal order opening it. We can therefore dispose of both the appeal, and the writ of error which was taken to the trial of the issue.

This issue, it may be well to observe, was an issue framed merely to inform the conscience of the court upon the particular facts embraced within it, and is not to be measured by the strict rules applicable to an ordinary jury trial. The court might open or refuse to open the judgment, notwithstanding the verdict. The latter was not binding upon the conscience of the court. As, however, judgment was entered upon the verdict, we assume the finding of the jury was satisfactory, and must regard the judgment in question as set aside. Nor do we see how any other result could have been properly arrived at. There was abundant evidence to show that Wood and Green were copartners in the Ardmore Wood Working Company. It follows that the judgment confessed by Green in his own name and in that of the "Ardmore Wood Working Company," bound no one but himself. It was a confession under seal, and under all the authorities could not bind either Wood or the Company. The assignments upon the writ of error are numerous and need not be discussed in detail. We find nothing which requires a reversal.

The case is affirmed both upon the appeal and the writ of error.