Bradbury, J.
On December 27, 1893, plaintiff in error filed in the court of common pleas of Athens county, against John Finsterwald its petition setting forth that it was a corporation under the laws of this state, that said John Finsterwald was sheriff of said county of Athens; that on October 5, 1893, the First National bank of Athens, James D. Brown and Samaria H. Palmer, each recovered by confession in the court of common pleas of Vinton county, Ohio, a judgment against Palmer & McGrath, a partnership; the first named for $4,783.50, the second for $2,117.64, and the third for $489.07; that each of said three parties caused executions to be issued on their respective judgments, and delivered to said sheriff, and by him levied on a stock of dry goods, etc., belonging to said firm, and found in said county of Athens all which was done on the day the judgments were confessed; that on the following day, the plaintiff, itself, and John P. Dana, each recovered by confession in said court of common pleas of Vinton county a judgment .against said firm; the plaintiff’s judgment being for $4,047.32 and John P. Dana’s for $150.00, and that they severally caused executions to be issued on their judgments directed to said sheriff, and that the said sheriff on the same day (Oct. 6, 1893) levied the same on said stock of goods. That *536 the property thus seized by said sheriff was all the property owned by said partnership or by either of its members; that afterwards said stock of goods was sold by said sheriff under the executions issued on the judgments of said bank and said Brown for the sum of $6,000.00; that said sum is insufficient to satisfy all of said executions, and that the plaintiff claims to be entitled to a pro rata share of said sum with the First National Bank of Athens, James D. Brown, Samaria H. Palmer and John P. Dana. That it had demanded of said sheriff such pro rata share of said $6,000.00, and that payment thereof had been refused. The petition concluded with a prayer for judgment in the following terms: “Wherefore the plaintiff prays judgment against the said defendant for the sum of $2,095.69 with interest from the 21st day of December, 1893.”
At the ensuing term of the Athens court of common pleas, upon the application of the defendant, that court found “that the personal property in the petition described was taken by the defendant, as sheriff of Athens county under an execution' in favor of the First National Bank of Athens, and James D. Brown, now * * * it is ordered that said First National Bank of Athens, and James D. Brown, upon their giving- security for costs, be and they are hereby substituted as parties defendant in this action” * * *
Thereupon, after their respective demurrers to the petition had been filed and overruled, each of these substituted defendants, filed an answer and cross-petition, wherein they admit the rendition of the plaintiff’s judgment and their own, the issuing and levying of the executions and the sale of the partnership property as set forth in the peti *537 tion, but attack the validity of the plaintiff’s judgment. The grounds of this attack are alike in both cases and are set forth in the cross-petition of James D. Brown as follows:
(2) “On the 5th and 6th days, of October, 1893, and long prior thereto, the said James A. Palmer and one Charles D. McGrath were partners for the purpose of, and they were, carrying on business in the state of Ohio, under the firm name of Palmer & McGrath; on said 6th day of October, 1893, said James A. Palmer, in Athens, Ohio, executed and delivered to the plaintiff a promissory note for the sum of $4,047.32, payable on demand with 8 per cent, interest, which promissory note had a warrant of attorney therein written, authorizing any attorney of any court of record in the state of Ohio, to appear in any court of record in said state and confess judgment against said James A. Palmer and said firm of Palmer & Mc-Grath for the whole amount appearing due on said note, with interest and costs, and to release all errors and right of appeal. Said note and warrant of attorney were signed by the said James A. Palmer individually and purported to be also signed by said firm of Palmer & McGrath; said firm of Palmer & McGrath, however, did not sign or execute the same, but the said James A. Palmer, without the authority, knowledge or consent of said Charles D. McGrath, or of said firm or partnership, signed the name of said firm or partnership to said note and warrant of attorney as joint and several maker thereof with himself. At the time said James A. Palmer signed the name of said firm of Palmer & McGrath to said promis ■ sory note and warrant of attorney, said Charles D. McGrath was absent from the state of Ohio, and *538 has ever since remained absent therefrom, and neither he nor said firm has ever ratified or acquiesced in the signing’ of the name of said firm to said note and warrant of attorney. Thereafter, on the' 6th day of October, 1893, and without the knowledge or consent of said Charles D. McGrath or of said firm, the plaintiff herein procured a judgment to be entered on said note and confession in the court of common pleas of Vinton county, Ohio, in favor of the plaintiff and against said James A. Palmer and said firm of Palmer & McGrath; and neither the said Charles D. McGrath, nor the said firm of Palmer & McGrath has since ratified said judgment or acquiesced therein. Said judgment is the same set forth in the plaintiff’s petition.
At the time of the rendition of said judgment and ever since, the said James A. Palmer, Charles D. McGrath and said firm of Palmer & McGrath have been and are insolvent, and the goods and chattels described in the plaintiff’s petition and the proceeds of the sale thereof were and are all the property then or now owned by them out of which said judgments of this defendant and the First National Bank of Athens, or any part therefore can be collected.
This defendant further answering says that by reason of the premises said alleged note and warrant of attorney given by the said James A. Palmer to plaintiff, the judgment rendered thereon and the writ of execution levied thereunder and the seizure of said goods and chattels under said writ, were all null and void, and of no effect so far as the same relate to or affect said firm of Palmer & McGrath, the goods and chattels aforesaid and the proceeds of the sale thereof; if said judgment, execution and levy are permitted to stand and the *539 plaintiff is permitted to receive a pro rata share of said fund, this defendant will thereby suffer great and irreparable injury.
The defendant avers that by reason of the premises it and the First National Bank of Athens have the first and best lien upon said fund and that their liens thereon are equal.
The said judgment rendered in favor of this defendant and against said firm of Palmer & Mc-Grath as aforesaid was rendered upon a promissory note executed and delivered by said firm to this defendant for a debt and liability of said firm or partnership, said property levied upon and sold as aforesaid was the partnership property of said firm.
Wherefore this defendant prays that said pretended judgment, execution, and levy in favor of the plaintiff, as aforesaid, may be vacated and can-celled and held to be null and void so far as relates to said partnership, said chattel property and said fund derived from the sale thereof; that the plaintiff may be held and adjudged to have no interest in or lien upon said fund; and, that the same may be distributed pro rata between this defendant and the First National Bank of Athens, and for all other equitable relief to which this defendant may be entitled.”
To this attack on its judgment, the plaintiff in error replied by making a similar attack on the judgment of the bank, and on that of James D. Brown. These two judgments, it alleges, were founded on promissory notes, and warrants of attorney to confess judgments in all respects like the note and warrant of attorney on which its judgment rested; and that those two promissory notes and warrants of attorney were executed by the *540 same partner with the same authority, and under the same circumstances that its note and warrant of attorney had been executed. The cause was tried to the court and a decree rendered finding the equities of the case to be with the cross-petitioners, James D. Brown and the First National Bank of Athens, and that they are entitled to the relief demanded by them, and thereupon ordering' that the fund thus arising- from the sale of the partnership property be divided between the bank and Brown, ratably in proportion to the amount of their respective judgments, and excluding the plaintiff in error, John P. Dana and Samaria H. Palmer from any participation therein.
The two last named judgment creditors not having been made parties to the action, were, of course, not bound by any judgment that might be rendered therein. The plaintiff below, The Geo. W. McAlpin Co., appealed the action to the circuit court and that court, upon the motions of the bank and James D. Brown dismissed the appeal on the ground that the action was for the recovery of money only and therefore not appealable. Thereupon the plaintiff in error, The Geo. W. McAlpin Co., brought- the cause on error to this court to reverse the judgment of dismissal. It then instituted proceédings in error in the circuit court to reverse the judgment of the court of common pleas thus rendered in favor of James D. Brown and the bank, and that judgment being affirmed by the circuit court, it brought the cause here by another proceeding in error, the object of which is to obtain a reversal of that judgment of the circuit court which affirmed the judgment of the court of common pleas.
Two distinct proceedings in error, are before us both, however, arising out of the same original *541 action. The object sought by one is a reversal of the judgment of the circuit court dismissing- the appeal; the other to reverse the judgment of the circuit court affirming that of the court of common pleas. They were both submitted to and determined by this court together.
1. It will have been observed that the defendants in error, The First National Bank of Athens and James D. Brown, on certain grounds set forth by them, in their respective cross-petitions assailed the validity of the judgment recovered by the plaintiff in error in Vinton county, and that the plaintiff in error in turn on substantially the same grounds assailed the validity of the judgments, that the bank and Brown had respectively recovered there. The cause was tried upon these pleadings in the court of common pleas and judgment recovered by the defendants, the bank and Brown. This judgment necessarily implies that the court found that the judgments recovered by Brown and the bank in Vinton county were valid and that th¿ judgment recovered there by the plaintiff in error was invalid, no bill of exceptions was taken, so that neither the circuit court nor this court was informed concerning the evidence introduced at the trial in the court of common pleas respecting the validity of any of these judgments. The plaintiff in error made its attack on the judgments of the bank and Brown, in a pleading, denominated a reply, and which was filed in answer to the cross-petition of those two defendants. It was treated by the court, and all parties, as the last pleading allowable under our code of civil procedure and its averments, therefore, under section 5081, Revised Statutes, should be “deemed controverted.” This, of course, cast upon the plaintiff in error the burden *542 of establishing by proof those allegations of its reply that assailed the validity of the judgments which the bank and Brown had recovered. The court having heard the evidence and found these issues against plaintiff in error, we must presume, in the absence of a bill of exceptions, that the finding in this respect was correct and that those judgments of Brown and the bank were valid.
We must also, for the same reasons, presume that every allegation made by Brown and the bank, in their respective cross-petitions, assailing the validity of the judgment recovered by plaintiff in error in Vinton county was sustained by evidence. The only question, therefore, before this court, or that was before the circuit court respecting this branch of the case, is the sufficiency of those allegations.
The pleadings disclose that Palmer & McGrath was a mercantile partnership consisting’ of James A. Palmer and Charles D. McGrath, engag’ed in business at Athens, Ohio; that on the 6th day of October, 1893, McGrath was absent from the state; that his copartner, Palmer, being left in chargé of the business, executed in his own name and in the name of the firm for a valid obligation of the firm, a promissory note to The Geo. W. McAlpin Co., plaintiff in error; that said promissory note had written thereon a warrant of attorney, authorizing any attorney of any court of record in this state, to appear in any court of record herein, and confess judgment against said James A. Palmer and said partnership for the amount due on the note, with interest and costs and to release all errors and rights of appeal; which warrant of attorney was executed by said Palmer individually and by him on behalf of the firm, and that this execution *543 of the warrant of attorney by said Palmer on behalf of the firm was without the knowledge, consent or express authority of McGrath, the other and absent member of the firm; and that he, McGrath, has not since expressly ratified this act of his co-partner; and that, upon this note and warrant of . attorney the Vinton county judgment of plaintiff in error rests. The question therefore arises respecting the power of one partner, who, for the time, may have the management of the affairs of a firm, to bind the firm by executng such a power of attorney, and if he has not such power, whether a judgment, recovered by virtue of a warrant of attorney thus executed, may be attacked and set aside, on that account by a creditor of the firm. Many cases are found which assert the doctrine that under ordinary circumstances, one partner has no implied authority to bind his firm in this respect, and that his copartners may obtain relief from judgments thus obtained against the firm. Parsons in his book on The Law of Partnership, section 125, states the rule as follows: “The same principles of the common law which operate to disable a partner from binding his copartners by specialty, it would seem, still more completely to incapacitate him to bind them, without their distinct consent by a voluntary confession of judgment. A fortiori, he cannot, by virtue of his implied power, authorize another to do it, (as by giving a warrant of attorney for ihat purpose) even if the authority be not under seal.” In support of this principle the author cites numerous decisions, from the courts of England and America. Green v. Beals, 2 Caines, 254; Crane v. French, 1st Wend., 311; Grazebrook v. McCreedie, 9 Wend., 437; Waring v. Robinson, 1 Hoff. Ch., 524; Gerard *544 v. Basse, 1 Dall., 119; McKee v. Bank, 7 Ohio, 522; Remington v. Cummings, 5 Wis., 138; Hull v. Garner, 31 Miss., 145; Lagon v. Patterson, 1 Blackf., 252; Sloo v. State Bank of Ill., 2 Ill., 428; Harper v. Fox, 7 W. & S., 142; Bitzer v. Shunk, 1 W. & S., 340; Cash v. Lozier, 1 W. & S., 519; Bennett v. Marshall, 2 Mills, 436; Grier v. Hood, 25 Pa., 430; Morgan v. Richardson, 16 Mo., 409; Binney v. Le Gal, 19 Barb., 592; Hambridge v. De La Cronee, 3 C. B., 744; Brutton v. Burton, 1 Chetty, 707; Kinnersly v. Mussen, 5 Tourt; 264; v. Fry, 37 Mich., 236; Ellis v. Ellis, 47 N. J., 69; Perth Amboy Terra Cotta Co. v. Wood, 124 Pa., 367; McCleery v. Thompson, 130 Pa., 443.
These cases go very far towards establishing the general doctrine, that one partner has no implied authority to bind his copartner by a warrant to confess judgment, and that if he attempts to do so, relief against the judgment will be granted to the non-assenting partner, upon his own application made in the action to the court that rendered the judgment, but they afford very little aid in determining whether upon that ground he can attack the judgment collaterally, or whether the creditors of the firm upon that ground alone can attack it at all. Nor do these cases necessarily deny that a power of the character under consideration may not be inferred from the circumstances under which a managing partner of a concern has exercised it.
Counsel for defendants in error have cited many other cases bearing on this question of implied authority. Hopper v. Lucas, 86 Ind., 43; Rathbone v. Drakeford, 6 Bingham, 375; Christy v. Sherman, 10 Ia., 535; Edwards v. Pitzer, 12 Ia., 607; Eversson v. Gehrman, 1 Abb., (N Y.) Prac., 167; Shedd *545 v. Bank, 32 Vt., 709; The Yorks Bank's Appeal, 36 Pa., 458; Mills & Co. v. Dickson & Mills, 6 Rich., 487; Richardson v. Fuller, 2 Oregon, 179; Elliott v. Hodbrook, 33 Ala., 659; Tripp et al. v. Saunders, 59 Howard Pr., 379; Hull et al. v. Laning, 91 U. S., 160; Hoddock et al. v. Crochron, 32 Tex., 276; Smith v. Sheldon, 35 Mich., 42. An examination of tírese cases discloses that most of them while denying in general terms the implied authority of one partner to bind his copartners by a warrant of attorney to confess'judgment, yet, do not bear very materially on the question of the right of creditors of a firm to impeach the validity of a judgment confessed by virtue of a warrant of attorney so executed. In Shed & Co. v. Bank, 32 Vt., 709 (supra) some expressions are found (page 716) that support the contention of the defendants in error, respecting the rights of the judgment creditors of the firm in such case, but they are obiter dicta; in Richardson v. Fuller, 2 Oregon, 179 (supra), a judgment creditor of the firm was allowed to appear in the court that rendered,the judgment and filed a motion to set a judgment aside that had been rendered against the firm on the confession of .one partner; however the judgment was confessed in vacation by one partner personally, who attempted to act pursuant to a statute of that state, and neglected to comply with' its requirements.. The failure to follow the provisions of the statute was of itself sufficient to authorize the relief which the court granted; and seems to have been the chief ground upon which the court acted. Mills & Co. v. Dickson ds Mills, 6 Richardson, 487 (supra) was an application by an agent of the creditors of the firm, made in the court that rendered the judg *546 ment and it would seem in the action itsef to set aside a judgment confessed by one partner. After the judgment had been confessed the firm made a general assignment for the benefit of its creditors, the assignee was one of the persons in whose favor the judgment had been confessed. ' Under the statutes of South Carolina, creditors in case of a general assignment are empowered to appoint an agent or agents to represent them. This had been done. The assignee being interested in maintaining the validity of a judgment confessed in his favor, the application was made by this agent, and the judgement against the firm was vacated. Stoutenburgh v. Vanderburgh et al., 7 Howard Pr. Rep. (N. Y.), 229, supports the contention of defendants in error more definitely than any of the others that have been called to our attention.
Some well-considered cases have held, that the creditors of the firm would not be heard to impeach a judgment confessed against a firm by one member thereof. “A creditor of a given firm cannot raise the point that one partner did not authorize another partner to sign a power of attorney to confess judgment upon a note given to another creditor.” Farwell et al. v. Cook et al., 42 Ill. App., 291. “If one partner confess a judgment against-the firm for a partnership debt, another creditor of the firm can interpose no objection to the.judgment on that account.” Grier & Co. v. Hood, 25 Pa., 430.
An actual, but irregular judgment entered on the records of a court without authority, can only be reversed on a writ of error, or set aside in the court below on motion, but only at the instance of the defendant.
*547 “A stranger, or third party, has a right to interfere with a judgment,, only where it is collusive.” Drextel’s Appeal, 6 Pa., 272; Jackson v. Lift, 16 Ga., 557; Martin v. Judd, 60 Ill., 79.
Other cases hold that while judgments confessed in the name of the firm by one partner for a firm debt will not bind the other partner in respect of his separate estate it will bind the firm property. This doctriue is asserted by the courts of Pennsylvania in a number of cases. “One partner has power to confess a judgment against the firm for a partnership debt, but such judgment will not affect the persons or separate estate of the other partners, Grier & Co. v. Hood, 25 Pa., 430: “The interest of all the partners in the partnership property may be sold under an execution upon a judgment confessed by a single partner in the name of the firm and for a firm debt.” Ross v. Howell, 84 Pa., 129; Boyd v. Thompson & Coxe, 153 Pa., 78; Franklin v. Morris et al. (Supreme Court of Pennsylvania, 1893), 26 Atr. R., 364; Kneib v. Groves, 72 Pa., 104.
The appellate court of Illinois held that such judgments were not void, but only voidable at the election of the non-assenting partner. “While a partner is not authorized to sign the firm name to a power of attorney to confess judgment, a judgment entered under such a power is not void, but voidable only as to and at the instance of him whose name has thus been unwarrantably made use of. ’ ’ Uhlendorff v. Kaufman et al., 41 Ill. App., 373.
The question of the right of one judgment creditor of a firm to impeach, collaterally, or at all, a judgment rendered against the firm in favor of another firm creditor, upon a warrant of attorney executed in the name and on behalf of the firm by one partner only is before us for the first time.
*548 If. the judgment was absolutely void, doubtless, it could be assailed whenever or wherever it should be found, and by whomsoever it might affect.
If only voidable, and free from any taint of fraud, it would seem both on principle and authority that it could be impeached only by an application addressed to the court in which it was rendered, and by the non-assenting partner himself. None of the large number of cases cited by defendants in error, go to the extent of expressly holding that a judgment confessed against a firm on a warrant of attorney executed by one partner is void as to the partnership property; most of them simply holding that a judgment thus confessed would be set aside on the motion of the non-assenting partner; and in a considerable number of those cases, fraud and collusion between the creditor and confessing partner, or a mistake as to bhe amount due, was alleged as additional ground for relief and was the real basis on which it was made to rest.
The Supreme Court of Pennsylvania in a number of cases has sustained the validity of judgments thus recovered as against the property of the partnership, though liable to be impeached by the non-assenting partner in respect of its operation on his separate property. Ross v. Howell, 84 Pa. St., 129; Boyd v. Thompson, 153 Pa., 78.
The Ohio cases do not combat this view of the subject. True, they do not directly speak • to it, but in so far as they go, their utterances are in harmony with this doctrine. . Lessee of Matthews v. Thompson, 3 Ohio, 272; Douglas v. McCoy, 5 Ohio, 522; Critchfield v. Porter, 3 Ohio, 518-522; Huntington et al. v. Finch & Co., 3 Ohio St., 445; Martin v. Trustees of Belmont Bank of St. Clairsville, 13 Ohio, 250. In McKee v. Bank, 7 Ohio, 522, the *549 non-assenting partner sought, hy injunction, to prevent a sale of his separate property on an execution issued on a judgment confessed against the firm by virtue of a warrant of attorney executed by his copartner, without his knowledge. No question seems to have arisen respecting the operation of such judgment on the property of the partnership, nor did the court in that case suggest that the judgment was void even as to the separate property of the non-assenting partner; our predecessors in denying him a right to relief by injunction, said that “the complainant has his relief at law by motion in court where the judgment was rendered; that it was fully competent for the court to give the complainant all the relief on motion he could obtain in a court of equity; that it had become one of the plain and accustomed remedies of a court of law to afford full and adequate relief against judgments irregularly or improperly obtained when there had been no fault nor negligence on the part of the debtor; and this relief is to be had on motion to set aside the judgment addressed to the court, by whom it was rendered, and upon whose reco rd it remains. Consequently he cannot be relieved in equity, and this bill must be dismissed.”
The court in this opinion seems to have regarded the judgment thus confessed as one irregularly or improperly obtained only, for if the court had supposed it to have been absolutely void, that might well have been assigned as a ground, also, for denying relief in equity, at least where there was no complaint that the judgment was a cloud upon the title of complainant’s real estate. If the judgment had been void, the sheriff would be a trespasser whenever he seized the property of complainant by virtue of an execution issued on the *550 judgment and the complainant could have obtained relief by an action at law against the sheriff.
In the case before us no question arises respecting the operation of the judgment, thus confessed, upon the separate property of the non-assenting partner, nor, even, respecting the right of such partner to set aside the judgment as to the firm’s property; the attack upon the validity of the judgment is not made by him, but by creditors of the partnership, who seek its cancellation, because if not cancelled the execution which was issued on it will withdraw from the operation of their judgments and executions a portion of the fund in controversy.
The judgment thus assailed was taken in good faith upon a promissory note and warrant of attorney executed by that member of the firm who was engaged in the active management of its affairs, the other partner was absent from the state and could not be consulted; it is not assailed for fraud or collusion between the creditor and the partner by whose authority it was confessed; it must under those circumstances be taken to represent a sum of money actually due from the firm to the judgment creditor. The absent partner may not have expressly authorized his copartner to execute the warrant of attorney in question, nor has he since its rendition either assented to or repudiated it. The power of attorney was executed in the name and purported to be the act of the firm. The statute of Ohio, section 5324, Revised Statutes, that regulates a confession of judgment upon warrant of attorney, requires the warrant to be produced to the court before which the judgment is confessed. When thus produced, it becomes evidence of the authority of the attorney to confess the judgment, *551 it is not however necessarily all the evidence that was produced to the court. A judgment by confession is as fully the act of the court as a judgment rendered after a prolonged and stubbornly contested trial. In either case it must be presumed in supportof the judgment that the court performed its duty. In the case of the judgment of the plaintiff confessed in the court of common pleas of Vinton county, we must presume that the warrant of attorney was before the court, and that the court found that it had been executed by the firm. This finding we mus b also presume was supported by sufficient evidence. The only theory upon which that court could be justified in rendering a judgment against the firm of Palmer & McGrath, is that it found, as matter of fact, that the attorney who confessed the judgment had authority to act for them in that behalf. It was within the power of the court to require evidence of this authority in addition to that afforded by the signature of the firm. It was not bound to accept this signature alone as sufficient; on the contrary it should not have acted until reasonably satisfied that the authority had been granted, and we should presume the court did its duty in this respect. Therefore the judgment of the court of common pleas of Vinton county thus rendered should be regarded as the deliberate and solemn act of that court, performed after it had found that the attorney who had appeared for the partnership, had full authority to act for it in that behalf. A judgment thus rendered should not be treated as an absolute nullity, to be disregarded by everyone, and at all times, as incapable of sustaining any rights that might rest upon it. Every object that justice should keep before it, can be attained by regarding the *552 judgment as voidable, only, at the election of the non-assenting partner by an application addressed by him to the court wherein it was rendered. This is all that is required for the protection of the rights of the non-assenting partner,while to regard as absolutely void a judgment which bears on its faceevery feature of regularity might work g-reatinjustice to those who should be required to execute it.
This court, recently, has had occasion to consider the authority of one partner, in the absence of a copartner, over the affairs of the concern, in a connection bearing some analogy to the question under discussion.
In Holland et al. v. Drake et al., 29 Ohio St., 441, this court held that: ‘ ‘One of the members of an insolvent firm cannot, either before or after dissolution of the partnership, make a valid assignment of all its effects for the benefit of creditors, against the will of a copartner, or without his assent when he is present or accessible.” This principle respecting the rights of a partner who is present or accessible, was recognized and approved by this court in McGrath et al. v. Cowen et al., decided at the present term of this court. Notwithstanding the recognition of this principle in those cases, this court held in the case of The H. B. Clafflin Co. et al. v. Evans et al., 55 Ohio St., 183, that: “A managing partner intrusted with the sole charge of the business and effects of the firm, may, in case of its insolvencjq make a valid assignment of its property for the benefit of its creditors, without having obtained the consent of a co-partner who is a nonresident of the state where the business is carried on, and absent therefrom; the assent of the absent partner to the assignment, in such case will be presumed.”
*553 These eases clearly illustrate the difference between the power of one partner to act for the firm and to bind it by his action in its behalf, where his copartner is accessible to consultation, and his power in that respect where the latter cannot be consulted, owing to his prolonged absence from the state, where the business is conducted. This difference, doubtless, rests on the presumed assent of the absent partner to whatever action the resident and managing partner should take if such action, under the pressure of emergencies that arise in the course of the firm’s business, .was usual or reasonable, or such as might fairly be anticipated by the absent partner as probable under the circumstances. If when applied, to cases where one member of the firm has executed a power of attorney in the name of the firm to confess judgment against it, these considerations should be accorded the same weight that has been given to them by this court in respect to the power of one partner to make a general assignment of the firm’s property for the benefit of creditors, we might pause before declaring that the assent of the absent partner could not under any circumstances be presumed, where, in his absence, the managing partner has signed a warrant of attorney to confess a judgment against the firm. However, if the assent of the absent partner should not be presumed, it does not necessarily follow that rights acquired under a judgment regular on its face should be swept aside or totally disregarded upon a motion to set it aside if the judgment was founded on a just claim against the firm and represented the sum actually due to the creditors. A motion of that character, made in respect of a judgment rendered under the circumstances supposed, would *554 be met by grave equitable considerations; and if the moving partner bad no valid defense to the claim that had been thus reduced to judgment, and rights had been acquired on the faith of the judgment a court might not open up the judgment upon his motion, at all, unless he had acted promptly, and even if he had acted promptly, might be disposed to impose conditions that would prevent favoritism or injustice. However this might be, we are of opinion that, in the absence of fraud or collusion, a judgment confessed by virtue of a warrant of attorney, executed in the name, and on behalf, of a partnership, by one member thereof, cannot be impeached by a creditor of the firm. In Kingsborough v. Tousley et al., 56 Ohio St., 450, relied on by counsel for defendants in error, Tousley brought an action in the court of common pleas of Cuyahoga county against King'sborough on a judgment previously recovered by him against him against Kings-borough before a justice of the peace of the same county. He sought in the second action a new recovery upon the judgment as a debt of record. The parties were the same, and this court held that the defendant could in the second action defeat a recovery upon the judgment rendered against him in the first action by showing that at the time the first judgment was recovered he was a nonresident of the state, was not at the time within the state and had not been served with a summons. This court held that this was a direct attack upon the first judgment. Williams, J., speaking for the court, said upon page 458, “A direct attack on a judgment has been defined to be one by which the judgment is directly assailed in some mode author-zed by law; while a collateral attack is an attempt to defeat the operation of a judgment, in a *555 proceeding where some new right derived from or through the judgement is involved.” In the ease at bar the right involved was that of participating in a distribution of a fund that arose from a sale of the property of the judgment debtor, and was derived through or from the judgment upon which the attack was made.
That case in no way conflicts with our conclusions in the case under consideration. In that ease the attack on the judgment was made by the defendant himself, and was regarded by this court as a direct attack; while in .the 'Case under consideration, the judgment is collaterally assailed by strangers.
2. The plaintiff in error sought to recover its proportion .of a sum of money that was in the hands of Finsterwald as sheriff, it made him alone, defendant to the action brought by it for that purpose; the action was against him as an individual and not as sheriff. ■ The petition disclosed that the fund in the defendant’s custody was the proceeds of the sale of a stock of merchandise sold by the defendant as sheriff; that the merchandise sold by him was seized and sold as the property of Palmer & McGrath, and that neither the firm nor its members had any other property. The sum realized was $6,000.00; that five judgments had been recovered against the partnership, by as many different creditors, at the same term of the court of common pleas, and that executions had been issued on each judgment within ten days after the close of the term of court at which they had been rendered; that these judg'ments aggregated nearly $12,000.00.
By virtue of section 5382, Revised Statutes, each of the five judgment creditors, was entitled to a pro rata share of the fund in the hands of the sheriff. *556 The petition clearly discloses that the plaintiff in error was seeking to recover its proportion of this fund; and it discloses also that four other judgment creditors, giving their names and the amounts of their respective judgments, claimed a share of the fund; there might have been many other claimants. The fund subject to distribution is the balance remaining in the hands of the sheriff after all expenses of the sale and taxable costs have been paid. It follows, therefore, that the amount of the fund itself, as well .as the share of each creditor thereto, might have been the subject of controversy between the sheriff and every firm creditor, however numerous the latter might be, if he is liable to be sued by each in a separate action. That' a public officer under such circumstances may not have relief in equity but must defend as many separate actions as there are claimants to the fund would seem to be placing upon him an unreasonable burden.
Conceding, however, that, if he joins issue with the plaintiff in such action on the facts, the issue is of right triable to a jury, because it arises in an action for the recovery of money only, it would not follow, necessarily, that an issue joined in such action between the plaintiff and other claimants of the fund, who had been substituted for the sheriff would be triable also by jury. If the substituted defendants by cross-petitions, sought, and set forth facts entitling them to distinct equitable relief, as a predicate to an order distributing the fund or a portion thereof to them, it would seem clear according to the doctrine announced by this court in Buckner v. Mear, 26 Ohio St., 514; and Gill v. Pelkey, 54 Ohio St., 348, the causes of action set forth in such cross-petitions would draw to *557 themselves the mode of trial appropriate' to their nature.
In Maginnis v. Schwab, 24 Ohio St., 336, this court held that where “an action was for the recovery of money and the original defendant caused a third party claiming the money to be made defendant in his place, and, depositing the money in court was discharged from liability therefor under said section (42) of the Code and an issue of fact was joined between the plaintiff and the substituted defendant material to the determination of the right of the parties to the money claimed by both;” it was held “that the action being for the recovery of money only, either party had a right under the Code, to demand a trial by jury * * • * and' that it was a case for second ‘trial’ * * * and not for appeal to the district court.” No cross-petition however was filed in this case by the substituted defendant calling for affirmative equitable relief; therefore, while it establishes the doctrine that the substitution of a new defendant, or perhaps defendants, for the original defendants does not of itself change the nature of the action, it in no way denies to such substituted defendant any right as respects pleading and mode of trial, that he could have exercised under our system of practice had he been an original defendant. A substituted defendant may bring forward any matter material to the assertion of his rights and pertinent to the cause, when he has done so, it would seem that his pleadings should be construed in the same way and an issue joined on them tried in the same manner as it would have been had he originally been made a party.'
It is necessary, therefore, to ascertain the state of the controversy when it was submitted to the *558 court of common pleas of Athens county. Two judgment creditors had been substituted for the sheriff by the following entry:
It appearing- to the court that the personal property in the petition described was taken by the defendant, as sheriff of Athens county, under an execution issued in favor of the First National Bank of Athens, and James D. Brown, now, on motion of said defendant and of the said First National Bank of Athens and James D. Brown, it is ordered that said First National Bank of Athens and James D. Brown, upon their giving security for costs hereiu, be and they are hereby substituted as parties-défendant in this action.
By this order the sheriff ceased to be other than a nominal party to the action. Thenceforward, the actual controversy was conducted by adverse claimants to the fund, between whom, in contemplation of law, the sheriff was neutral; he was simply the custodian of the fund, holding’ it subject to the order of the court. Indeed, as the record discloses no controversy over the amount of the fund, he might have paid it into court, in which case he would have been no loager subject to the orders of the court in respect of it.
The answer and cross-petition of James D. Brown (and that of the bank was in all respects the same) made no demand upon the plaintiff in error for money; nor did the plaintiff in error demand a judgment for money against either James I). Brown or the bank. Neither party had a money demand against the other, neither party was indebted to the other, nor had in his possession or under his control anything’ claimed by the other. Nor did the court render a jud gment for money against one party and in favor of the other. *559 Doubtless, the ultimtae purpose of Brown and the bank was to recover money, but in as far as they sought to obtain that which the plaintiff in error also claimed, their way was barred by a judgment in his favor and a writ of execution that had been issued thereon, which under section 5382, Revised Statutes, was entitled to share with the judgments of Brown and the bank in the fund in controversy. The cross-petitions of Brown and the bank were, therefore, directed against this judgment and exécution, and set forth facts tending to impeach their validity and to entitle the cross-petitioners to a decree for their cancellation. This was a cross-equitable demand, and the prayer for affirmative relief was as follows:
“Wherefore this defendant prays that said pretended judgment, execution, and levy in favor of the plaintiff, as aforesaid, may be vacated and can-celled and held to be null and void so far as relates to said partnership, said chattel property and said fund derived from the sale thereof; that the plaintiff may be held and adjudged to have no interest in or lien upon said fund; and, that the same may be distributed pro rata between this defendant and the First National Bank of Athens, and for all other equitable relief to which this defendant may be entitled. ”
The court of common pleas granted this relief; it cancelled and set aside the judgment and execution of plaintiff in error. This was the gist of the controversy, and upon its determination the ultimate rights of the parties depended. The court having found for the cross-petitioners on this question, it ordered “As to the $6,000.00 now in the hands of said John Finsterwald, as sheriff of said county of Athens, Ohio, that he distribute the *560 same to the said James D. Brown and the First National Bank of Athens, pro rata, in proportion to the amount of their respective claims.” * * *
This order was a mere incident that naturally followed and rested upon the cancellation of the judgment.and execution of plaintiff in error and could not have been made without such cancellation.
The causes of action set forth in the cross-petitions of Brown and the bank, were not, therefore; for the recovery of money only, but invoked the equitable powers of the court as a basis for an order distributing a fund in the custody of the law, and therefore ■ the parties were not entitled to demand a jury trial, and the cause was appealable.

Judgment reversed and cause remanded to the Circuit court.